IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KALIN THANH DAO, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:17-CV-017-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Kalin Thanh Dao, a federal prisoner confined in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell), against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

Petitioner is confined pursuant to her 2010 federal convictions in the District of Minnesota for conspiracy to commit mail fraud and wire fraud and money laundering. Am. J., United States v. Dao, Case No. 0:09-CR-00048-JNE-JJG, ECF No. 126. This case involves the Initiative on Executive Clemency (IEC) for federal prisoners and Deferred Action for Parents of American and Lawful Permanent Residents ("DAPA").

## II. ISSUES

Petitioner claims that President Obama and the Department of Justice (DOJ) exercised presidential clemency power and executive action in violation of the United States Constitution and federal regulations. Pet. 1, ECF No. 1. Specifically, she contends that the president and the DOJ, in

violation of her rights to due process and equal treatment under the law, have denied meaningful access to the clemency process based on the new limiting criteria for the IEC and have administered the criteria in an arbitrary and discriminatory manner by rendering clemency recommendations and granting clemency to inmates who did not meet their "set criteria," by granting clemency to more men than women, and by discriminating against white-collar and other low-level offenders. *Id.* at 3; Pet'r's Sur-Reply 1, 3-4, ECF No. 8. She also contends that the IEC made it more onerous for her to qualify, apply, and receive a recommendation for clemency in violation of the ex post facto clause. Pet'r's Sur-Reply 5, ECF No. 8. Finally, she contends that DAPA violates her right to equal treatment under the law by giving "protective services" and privileges, such as "amnesty/clemency," deferred prosecution, and immunity from prosecution to non-citizens over U.S. citizens, while maintaining her imprisonment and subjecting her to collateral consequences upon her release that do not apply to DAPA beneficiaries. Pet. 3-4, ECF No. 1; Pet'r's Sur-Reply 6, ECF No. 8. She seeks declaratory relief, clemency review "under the valid clemency process as stated in Section 1.1-1.11 in 10 days" or immediate release, a reduction in her sentence, expungement of her criminal conviction, remission of restitution, assessment fees, and fines, and a hearing for "compensation of time spent in custody due to the denial of access to a fair and just clemency process under existing clemency statutes." Pet. 5, ECF No. 1; Pet'r's Sur-Reply 7, ECF No. 8.

### III. DISCUSSION

As a preliminary matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims in the context of a habeas petition under § 2241. Petitioner contends that this Court has jurisdiction to consider the petition under the Administrative Procedures Act (APA). Pet. 2, ECF No. 1. The APA provides that "[a] person suffering a legal wrong because of agency action,

2

or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. According to Petitioner, the new clemency criteria established by the IEC constitutes a substantive rule change requiring compliance with the notice-and-comment requirements of the APA. Pet'r's Sur-Reply 5, ECF No. 8. The Court finds no support for this argument. The APA establishes the procedures federal administrative agencies use for "rule making," defined as the process of "formulating, amending, or repealing a rule." 5 U.S.C. § 551(5). Notice-and-comment requirements of the APA apply only to so-called "legislative" or "substantive" rules, which have the "force and effect of law"; they do not apply to "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice," which do not. *Id.* § 553(b); *Shalala v. Guernsey Mem'l Hosp.,* 514 U.S. 87, 99 (1995); *Chrysler Corp. v. Brown,* 441 U.S. 281, 302-303 (1979). Clearly, the IEC and the criteria set out therein are not legislative rules with the force and effect of law. The regulations that do affect clemency are found at 26 C.F.R. §§ 1.0-1.11 and are not binding on the president. 26 C.F.R. § 1.11. Therefore, Petitioner cannot establish that judicial review under the APA is available for her claims regarding clemency. Furthermore, although the DOJ is an "agency" within the meaning of the APA, its regulations affecting clemency, found at 26 C.F.R. §§ 1.0-1.11, are not binding on the president. 26 C.F.R. § 1.11. "Federal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law." *Harbison v. Bell,* 556 U.S. 180, 187 (2009). And, "the substantive discretion of the president in the exercise of his clemency power is all but absolute." *Spinkellink v. Wainwright,* 578 F.2d 582, 618 (5th Cir. 1978), *cert. denied,* 440 U.S. 976 (1979). Thus, the president can grant or deny clemency at will, notwithstanding the DOJ's procedures or criteria, and judicial review of clemency decisions is rarely, if ever, appropriate. *See Conn. Bd. of*

3

*Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). Petitioner fails to establish that judicial review of her clemency claims under the APA is appropriate in this case.

Furthermore, even assuming Petitioner's claims were properly presented under § 2241, to obtain federal habeas relief, Petitioner must show that she is being held in "violation of the Constitution, or laws, or treaties of the United States." 26 U.S.C. § 2241(c)(3). Petitioner cannot make such a showing as she has no statutory or constitutional right to clemency or clemency proceedings. *See Conn. Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). *See also Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1, 7 (1979) (providing "[d]ecisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision making must comply with standards that assure error-free determinations."). Because she has no such right to clemency, she is not entitled to due process or equal protection in connection with the procedures by which a petition for clemency is considered or a clemency decision. *See Griggs v. Fleming,* 88 Fed. App'x 705, 2004 WL 315195, at *1 (5th Cir.), *cert. denied,* 542 U.S. 931 (2004).

Petitioner's ex post facto argument is equally frivolous. She asserts that retroactive application of the IEC's new criteria, which make it more difficult for her to qualify, apply, and receive presidential clemency, violate ex post facto principles by applying regulations that are more onerous than those in effect at the time she committed the offense. Pet'r's Sur-Reply 5, ECF No. 8. However, the new criteria did not result in increased punishment retroactively for Petitioner. As there is no "risk of increasing the measure of punishment attached to" Petitioner's crimes as a result of the new criteria, their application to her does not violate the ex post facto clause, if it applies at all. *See Garner v. Jones,* 529 U.S. 244, 250 (2000).

Lastly, Petitioner's claim under DAPA fails. DAPA set forth criteria for exercising prosecutorial discretion under immigration laws through the use of deferred action, on a case-by-case basis, to allow individuals who otherwise were not legally within the United States to remain for some period of time. *See Texas v. United States,* 787 F.3d 733, 744 (5th Cir. 2015). Petitioner fails to establish how a ruling in her favor as to this claim would result in her immediate release or a reduction of her sentence. Moreover, implementation of DAPA was enjoined on a nationwide basis by the Fifth Circuit's 2015 decision in *Texas v. United States,* 809 F.3d 134 (5th Cir. 2015), *aff'd,* 136 S. Ct. 2271 (2016).

## III. CONCLUSION

For the reasons discussed, Petitioner's "Motion for Judgment on the Pleadings" (Mot., ECF No. 10.), petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a certificate of appealability are DENIED.

**SO ORDERED** on this 24th day of January, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**